RECEIVED
IN LAKE CHARLES, LA
OCT 3 1 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BROWNING-FERRIS INDUSTRIES ASIA PACIFIC, INC. | : | DOCKET NO. 2:05 CV 0934 |
| VS. | : | JUDGE MINALDI |
| TEXAS WORLD OPERATIONS, INC. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is a Motion to Dismiss filed by the defendant, Texas World Operations, Inc. ("TWO"). This motion has been opposed by the plaintiff, Browning-Ferris Industries Asia Pacific, Inc. ("BFI") and TWO filed a Reply.

Facts

BFI and TWO entered into an Contract for Professional Contracting Services, dated October 27, 2004. TWO agreed to provide professional contracting services relating to the sidetrack and recompletion of BFI's Willow Springs Facility Waste Disposal No. 1 Well, Serial No. 070042, Westlake, Louisiana, a Class 1 Disposal Well (the "Contract").

BFI alleges that, in performing the work under the Contract, TWO failed to exercise skill, care, or diligence and failed to follow customarily accepted practices in drilling and completing the sidetrack of the well. BFI alleges that TWO's actions caused significant delays and unnecessary costs in recompleting the well, including an additional and allegedly unnecessary forty-two days of work and potentially compromised the integrity of the well. BFI submits that TWO's failures and delays more than doubled the cost of drilling and recompleting the well. BFI notified TWO of the

problems with the well. Nevertheless, TWO invoiced BFI for the additional work. The Contract provides that BFI is not liable for time spent by TWO in correcting deficiencies.

BFI filed this action on May 27, 2005. The Complaint alleges that TWO agreed to exercise skill, care and diligence in the performance and provision of services required under the Contract. TWO agreed to carry out its obligations under the Contract in accordance with customarily accepted practices.[1] The Contract also provides that TWO is liable to perform the work at its own cost and without reimbursement for BFI to correct deficiencies caused by TWO's failure to comply with standards or requirements of customarily accepted practices or exercise of skill and care and diligence in performing the work under the Contract.[2] The Contract requires that TWO indemnify and hold harmless BFI for any damages, costs or expenses occasioned by damage to or loss of property arising from TWO's breach of its obligations under the Contract for any negligent act, omission or delay on the part of TWO in performing work or services or as a result of the work or services performed under the Contract.

BFI alleges that TWO breached the Contract[3] and seeks Declaratory Judgment against TWO declaring that TWO breached the Contract[4] and that BFI does not owe any additional monies to TWO for work performed under the Contract. BFI also seeks an injunction against TWO preventing TWO from pursuing any claims or actions, including collection actions, against BFI for any unpaid

---

[1] The Contract is attached as Exhibit A to the Complaint. §1.2

[2] Contract §1.2

[3] ¶20 of the Complaint.

[4] ¶24 of the Complaint.

2

invoices relating to work performed by TWO under the Contract.[5]

Law and Analysis

TWO filed this Motion to Dismiss arguing that BFI's declaratory Judgment action should be dismissed because it was filed for no other reason that to deprive "the true plaintiff", TWO, of its choice of forum.[6] TWO argues that BFI's Complaint contains no affirmative claims for relief, but is "merely a procedural fencing meant to preempt TWO's proper claims" for breach of contract and fraud.[7]

Although BFI filed the Complaint on May 27, 2005, TWO was not served for over two months.[8] TWO submits that it was served only after it had filed its own breach of contract and fraud action against BFI and Allied Waste Industries, Inc. ("AWI") on July 15, 2005, in the United States District Court in the Southern District of Texas, Houston Division, and after TWO had served BFI on July 19, 2005 in its Texas action.

TWO argues that this court should dismiss BFI's declaratory judgment action because there is a pending suit in Houston, Texas. Two submits that BFI's suit was filed in anticipation of TWO's lawsuit, that TWO is the proper plaintiff, and BFI filed its suit in Louisiana in a wrongful attempt to usurp TWO's choice of forum.

The Declaratory Judgment Act ("DJA") "is not an independent ground for jurisdiction [and]

---

[5] ¶ 25 of the Complaint.

[6] Memorandum in Support of Motion to Dismiss, p.1

[7] *Id.*

[8] BFI had mailed TWO a courtesy copy of the Complaint when it was filed. See letter dated May 31, 2005, attached to BFI's Memorandum in Opposition.

3

permits the award of declaratory relief only when other bases for jurisdiction are present."[9] The relevant cause of action must arise under some other federal law.[10] Federal question jurisdiction exists in this case. BFI is alleging breach of contract and seeks attorneys fees and injunctive relief. There is diversity[11] and the amount in controversy requirement is satisfied. 22 U.S.C. §2201 permits a federal court to render a declaratory judgment in a case of actual controversy within its jurisdiction.

BFI argues that as the "first-filed" case, this matter should proceed rather than the later-filed action pending in the Southern District of Texas. The federal courts long have recognized that the principle of comity requires federal district courts--courts of coordinate jurisdiction and equal rank--to exercise care to avoid interference with each other's affairs.[12] "As between federal district courts, ... the general principle is to avoid duplicative litigation."[13] The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to

---

[9] *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980); *Planned Parenthood of Houston and Southeast Texas*, 403 F.3d 324 (5th Cir. 2005); 10B *Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 2766* (West 3rd ed. 1998).

[10] *Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996).

[11] BFI is a corporation organized under the laws of the State of Delaware, with a principal place of business in Arizona. TWO is a corporation organized under the laws of the State of Texas, with a principal place of business in Texas. The amount in controversy exceeds $75,000.00.

[12] *E.g., Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952); *Covell v. Heyman*, 111 U.S. 176, 182, 4 S.Ct. 355, 358, 28 L.Ed. 390 (1884).

[13] *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) (dictum).

avoid piecemeal resolution of issues that call for a uniform result.[14] To avoid these ills, a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court. In particular, "[a] court may ... in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere."[15] *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, South Atlantic and Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 728 -729 (C.A.Tex.,1985).

The Fifth Circuit has recognized and applied the comity principles that underlie the first-filed rule.[16] The first-filed rule applies in circumstances in which the "overall content" of the two actions "would overlap to a substantial degree."[17]

BFI argues that in the present cases, the two complaints substantially overlap on the core issues, in fact, the core issues are identical because they arise out of the an alleged breach of contract. BFI alleges that TWO breached the contract and is not entitled to payments for additional and allegedly unnecessary work due to TWO's failure to exercise skill, care or diligence and failure to follow customarily accepted practices in conducting drilling practices. Based upon the language in

---

[14] *E.g., id.* at 818-20, 96 S.Ct. at 1246-48; *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93 (9th Cir.1982); *Washington Metropolitan Area Transit Authority v. Ragonese*, 617 F.2d 828 (D.C.Cir.1980); *Calvert Fire Insurance Co. v. American Mutual Reinsurance Co.*, 600 F.2d 1228 (7th Cir.1979); *Gregory-Portland Independent School District v. Texas Education Agency*, 576 F.2d 81 (5th Cir.1978); *Mann Manufacturing, Inc. v. Hortex, Inc.*, 439 F.2d 403 (5th Cir.1971).

[15] *Abbott Laboratories v. Gardner*, 387 U.S. 136, 155, 87 S.Ct. 1507, 1519, 18 L.Ed.2d 681 (1967). *See Bergh v. Washington*, 535 F.2d 505, 507 (9th Cir.1976); *National Health Federation v. Weinberger*, 518 F.2d 711, 712 (7th Cir.1975).

[16] *Mann Manufacturing, Inc. v. Hortex, Inc.*, 439 F.2d 403 (5th Cir.1971).

[17] See *Mann Manufacturing*, 439 F.2d at 407.

the Contract, BFI did not pay TWO for what it considered additional and unnecessary work. This non-payment by BFI is the subject of and the basis for TWO's allegations of breach of contract in the Texas suit.

TWO categorizes BFI's suit as a pure action for declaratory judgment. Based upon this categorization, TWO argues that the Texas suit should take precedence over the Louisiana suit. BFI's Complaint is more than a pure declaratory action. It contains allegations of breach of contract, and asks for attorney's fees and injunctive relief, indemnity and reimbursement.

In *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 951 (C.A.5 (Tex.),1994), the district court characterized Southwind's suit as a "declaratory judgment action." Accordingly, it concluded that abstention by dismissal was appropriate as "all pending issues could be effectively and satisfactorily adjudicated in the state civil action." The Fifth Circuit held that the district court erred as a matter of law in classifying Southwind's suit as a "declaratory judgment action." Although some of the relief sought by Southwind was declaratory in nature, Southwind also requested coercive remedies for the breach of contract in the form of damages, attorney's fees, and injunctive relief. The court reasoned that the inclusion of these coercive remedies indisputably removed this suit from the ambit of a declaratory judgment action.

TWO argues that BFI's suit is an improper declaratory judgment action which is intended to force TWO into litigating its claims in Louisiana, and that BFI's suit was filed in anticipation of TWO's Texas suit. The well that is the subject of the Contract is located in Louisiana. Suit in Louisiana will not hinder TWO's prosecution of its claim even though TWO's offices are located in Houston.

Generally, where two competing lawsuits have been filed, the first filed suit should have priority, absent a showing of a balance of convenience or special circumstances giving priority to the second suit. *First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir.1989). However, the "presumption in favor of the forum of the first-filed suit is not to be applied in a 'rigid' or 'mechanical' way."[18]

Essentially the same factors that are of significance on a motion to stay a 'second filed' action come into play on a motion to transfer under 28 U.S.C. section 1404(a).[19] These factors include (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) The relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.[20] Consideration of these factors do not exclude Louisiana as a proper forum. Even though the companies have offices in Houston and documents and witnesses may be located there, the distance between Lake Charles, Louisiana, and Houston, Texas is not prohibitive. The subject well is located in Westlake, Louisiana. Process is available to compel the attendance of unwilling

---

[18] *Columbia Pictures Indus. v. Schneider*, 435 F.Supp. 742, 747 (S.D.N.Y.1977); *Ivy-Mar Co., Inc. v. Weber-Stephen Products, Co.*, 1993 WL 535166, *1 (S.D.N.Y.) (S.D.N.Y.,1993).

[19] *Id.* at 118.

[20] *See Ivy-Mar Co., Inc. v. Weber-Stephen Products, Co.*, 1993 WL 535166, *2 (S.D.N.Y.) (S.D.N.Y.,1993); *Gibbs & Hill, Inc. v. Harbert Int'l, Inc.*, 745 F.Supp. 993, 996 (S.D.N.Y.1990); *Schieffelin & Co. v. Jack Co. of Boca, Inc.*, 725 F.Supp. 1314, 1321 (S.D.N.Y.1989); *Turner v. Hudson Transit Lines, Inc.*, 724 F.Supp. 242, 243 (S.D.N.Y.1989); *Schneider v. Sears*, 265 F.Supp. 257, 263 (S.D.N.Y.1967).

witnesses. BFI preferred to file suit in Louisiana. Trial efficiency and the interest of justice, based on the totality of the circumstances, does not mandate a dismissal of the Louisiana suit in favor of the Texas suit. Accordingly, TWO's Motion to Dismiss will be denied.

Lake Charles, Louisiana, this 31 day of October, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE